■ JOSE SANTIAGO et al., Respondents, v LUCIUS RICCIO, as Commissioner of the New York City Department of Transportation, Appellant.—Order of the Supreme Court, Bronx County (Alan J. Saks, J.), entered March 15, 1990, which granted the petition to compel respondent to suspend alternate side of the street parking regulations on March 17, 1990, unanimously reversed, on the law, and the petition dismissed, without costs.

At issue on this appeal is whether respondent properly declined petitioners' request that regulations requiring parking on alternate sides of the street in order to facilitate street-cleaning operations be suspended in observation of Saint Patrick's Day, Saturday, March 17, 1990. Supreme Court reversed respondent's determination and directed that he suspend alternate side restrictions on that date. Respondent appeals.

The power to regulate parking is expressly delegated to the municipality pursuant to Vehicle and Traffic Law §§ 1640 (a) (6) and 1642 (a) (2). Such authority is derived from the general delegation of powers contained in §§ 1600 and 1603 of that statute. The City Council, pursuant to New York City Charter § 2903 (a) (1), has empowered respondent Commissioner of the Department of Transportation to promulgate "rules and regu-

lations for the conduct of vehicular and pedestrian traffic in the streets".

The designation of holidays on which alternate side parking regulations are suspended is a legislative prerogative upon which the courts should not intrude *(Jones v Beame,* 45 NY2d 402, 408-409). Other circumstances warranting suspension constitute an administrative determination entrusted by the City Council to the discretion of respondent. It is well settled that, against an administrative officer, mandamus will lie to compel only the performance of a legal duty and not the manner in which that duty shall be carried out *(People ex rel. Schau v McWilliams,* 185 NY 92, 100). The power of Supreme Court is limited to directing respondent to determine a matter within his administrative discretion and does not extend to directing respondent to exercise that discretion in favor of one alternative or another *(Klostermann v Cuomo,* 61 NY2d 525, 540). The determination of petitioners' application presents a question of policy beyond the scope of judicial review *(Matter of Ferrer v Quinones,* 132 AD2d 277, 283). Moreover, respondent's unwillingness to extend the suspension of parking restrictions to occasions which are not designated by statute carries out the intent of the City Council as reflected in Administrative Code of the City of New York § 19-163 and cannot be said to be arbitrary and capricious.

As an alternative ground in support of their position, petitioners contend that the designation of certain religious holidays in the statute is unconstitutional because it constitutes governmental favoritism towards certain religious denominations in violation of the Establishment Clause (NY Const, art I, § 3). They argue that, in deciding which days to include within the ambit of the statute, it is impermissible to indulge in a determination of the relative significance of a religious observance and that, to maintain the religious neutrality mandated by the Constitution, respondent is obliged to suspend parking regulations upon application of any group which is "sincere in the significance they attach" to a holy day.

Contrary to petitioners' contentions, the statute has a secular purpose, and it neither advances or inhibits religion nor fosters excessive entanglement of government with religion *(Lemon v Kurtzman,* 403 US 602, 612-613, *reh denied* 404 US 876). The inclusion of particular holidays within the statute reflects merely the acknowledgment that certain occasions warrant the curtailment of normal administrative operations for the convenience of the public, the government, or both.

The courts are not the appropriate forum in which to

pursue the relief sought in the petition. Petitioners' remedy is to present their cause before the City Council which has the latitude to accommodate their request. Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.